UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ADRIAN VINICIO ANDRADE NARVAEZ,            Civil Action No. 19-cv-2394

                         Plaintiff,            **COMPLAINT**

     -against-

U.S. CRANE & RIGGING, LLC and THOMAS
AURINGER,

                         Defendants.
-----------------------------------------------------------------X

Plaintiff, by his attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1.  Plaintiff worked for Defendants as a rigger on various construction projects in the State of New York from in or around July 2014 through January 11, 2018.

2.  Plaintiff brings this action to seek redress against Defendants for unpaid wages in which Plaintiff was deprived of regular and overtime wages for his complete number of hours worked, and Defendants' failure to provide proper statements with each payment of wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

3.  Defendant U.S. Crane and Rigging, LLC is a heavy industrial crane and rigging company that provides various services to clients in the New York metropolitan area. Plaintiff's duties as a rigger included, without limitation, attaching loads to rigging to be moved, manipulating rigging lines, hoists and pulling gear, and transporting materials to job sites.

4.  During his employment, Plaintiff worked in numerous locations in New York including the five boroughs of New York City, Long Island and Kingston. Plaintiff's work schedule varied each week and Plaintiff worked on average six (6) days, seventy-six (76) hours per week. Each workday Plaintiff was required to report to Defendants' yard in the Bronx, New York, at the start and end of shifts to transport tools, materials and equipment between the construction sites and yard. On average Plaintiff worked at the yard and transported materials between the yard and worksites three and one-half (3.5) hours per day.

5.  Plaintiff was paid at an hourly rate during his employment that ranged from $14.00 to $27.00. However, Plaintiff was paid solely for his hours worked at construction sites and was not paid any wages for his hours worked at Defendants' yard and transporting materials and equipment between the yard and worksites. As a result, Plaintiff was deprived of approximately twenty-one (21) hours of regular and overtime wages per week throughout his employment.

## PARTIES

6.  Plaintiff is a resident of the County of Queens, State of New York.

7.  Defendant U.S. Crane & Rigging, LLC is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York, with a principal place of business at 1520 Decatur Street, Ridgewood, New York 11385.

8.  Defendant Thomas Auringer is a resident of the State of New York.

9.  Defendant Thomas Auringer was and still is the chief executive officer, president, principal, officer, director and/or manager of Defendant U.S. Crane & Rigging, LLC.

10. Defendant Thomas Auringer actively controls and manages Defendant U.S. Crane & Rigging, LLC, regulates the employment of persons employed by the corporate Defendant, acts

directly and indirectly in the interest of the corporate Defendant in relation to their employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

11. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed the Plaintiff.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

13. This Court has supplemental jurisdiction of the claims arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a significant part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct substantial business within this judicial district.

## FACTS

15. Defendant U.S. Crane & Rigging, LLC is a heavy industrial and rigging company that provides construction services to clients in the New York Metropolitan area.

16. Defendant U.S. Crane & Rigging, LLC has been in operation for over fifteen (15) years and has employed hundreds of workers.

17. Defendants were the owners and/or operators of a construction yard located at 1 Oak Point Avenue, Bronx, New York 10474 (hereinafter "yard").

18. Plaintiff worked for Defendants as a rigger from in or about July 2014 through January 11, 2018.

19. As a rigger, Plaintiff's duties included without limitation attaching loads to rigging to prepare them for moving, manipulating rigging lines, hoists and pulling gear, and transporting equipment and materials between construction sites and Defendants' yard.

20. During his employment Plaintiff worked in in various locations in New York including the five boroughs of New York City, Long Island and Kingston. Plaintiff often worked in weekly rotation between New York City/Long Island and Kingston, New York.

21. Plaintiff's work hours varied each day (e.g., 12:00 a.m. – 3:30 p.m., 6:00 a.m. – 12:00 a.m., 5:00 a.m. – 2:00 a.m.) depending on the requirements of the construction project. Plaintiff worked on average six (6) days per week and based upon calculations from Plaintiff's paystubs approximately seventy-six (76) hours per week.

22. Plaintiff was paid $14.00 per hour from July 2014 through December 2015, $25.00 per hour from January 2016 through February 2017 and $27.00 per hour from March 2017 through January 11, 2018.

23. At the start of work shifts, Plaintiff was required to report to Defendants' yard to load Defendants' work truck with tools, materials and equipment. Thereafter, Plaintiff would transport such materials to the worksite and perform his duties as a rigger. Once completed, Plaintiff would be required to return to Defendants' yard to unload Defendants' truck.

24. For weeks that Plaintiff worked in the boroughs of New York City/Long Island, New York, Plaintiff worked at the yard and transported materials between the yard and worksites approximately three (3) hours per day, eighteen (18) hours per week. For weeks that Plaintiff worked in Kingston, New York, Plaintiff worked at the yard and transported materials between the yard and worksites approximately four (4) hours per day, twenty-four (24) hours per week.

25. Throughout his employment Plaintiff was paid solely for his hours worked at construction sites and did not receive any regular or overtime wages for his hours worked at the yard and transporting materials between the yard and worksites.

26. As a result, Plaintiff was deprived on average of regular and overtime wages for twenty-one (21) hours per week.

27. At all relevant times, Defendant Thomas Auringer was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for Defendants' workers and/or Plaintiff at Defendant U.S. Crane & Rigging, LLC.

28. At all relevant times, each of the Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

29. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

30. Pursuant to 29 U.S.C. § 203(g) and NYLL §§ 652 and 663, workers must be paid wages for all hours required or permitted to work.

31. Throughout his employment, Plaintiff was not paid any wages for the time he was required to work at the yard nor was Plaintiff paid for travel between the yard and construction sites in violation of the FLSA and NYLL.

32. At all relevant times, Plaintiff was entitled to wage statements indicating his regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of his employer; and itemized allowances and deductions.

33. At no time during his employment was Plaintiff provided with proper wage statements.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Unpaid Wages under the FLSA)*

34. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

35. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

36. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

37. At all relevant times, Defendants annual volume of business exceeded $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

38. As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the FLSA.

39. At all relevant times, Defendants were subject to the wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

40. At all relevant times, Defendants were required to compensate their employees for all hours suffered or permitted to work pursuant to FLSA, 29 U.S.C. § 201 *et seq*.

41. Defendants have violated the FLSA by failing to compensate Plaintiff for the full amount of hours Plaintiff was required or permitted to work.

42. As a result of Defendants' violations of the law and failure to pay Plaintiff lawful wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

43. Defendants willfully, knowingly and intentionally failed to compensate Plaintiff his full wages for each hour he was required or permitted to work.

44. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

45. As Defendants did not have a good faith basis to believe that their failure to pay complete wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
(*Unpaid Wages under the NYLL*)

46. Plaintiff repeats and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

47. At all relevant times, Plaintiff was an employee and Defendants were Plaintiff's employers within the meaning of NYLL §§ 190, 651 and 652.

48. At all relevant times, Defendants were required to compensate employees for all hours suffered or permitted to work pursuant to NYLL §§ 191, 650 *et seq*. and 12 NYCRR § 142 *et seq*.

49. Defendants have violated NYLL by failing to compensate Plaintiff for the full amount of hours he was required or permitted to work.

50. As a result of Defendants' violations of the law and failure to pay Plaintiff his lawful wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

51. Defendants willfully, knowingly and intentionally failed to compensate Plaintiff his wages.

52. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

53. Due to Defendants' intentional and willful failure to pay Plaintiff his full wages, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

### AS AND FOR A THIRD CAUSE OF ACTION
(*Wage Theft Prevention Act Violations*)

54. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

55. At all relevant times, Defendants failed to provide Plaintiff with the proper statements with every payment of wages, as required by NYLL § 195(1).

56. As Defendants failed to provide Plaintiff with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of all others similarly situated, seeks the following relief:

A. On the First Cause of Action for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. Interest;

E. Costs and disbursements; and

F. Such other and further relief as is just and proper.

Dated: Melville, New York
March 18, 2019

Respectfully submitted,
SLATER SLATER SCHULMAN LLP


By: /s/ *Matthew Madzelan*
Matthew Madzelan, Esq.
Attorneys for Plaintiff
445 Broad Hollow Road, Suite 334
Melville, New York 11747
(631) 420-9300
MMadzelan@sssfirm.com